IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM PARKE CUSTIS,
    Plaintiff,

v.                                            Civil No. 3:24cv142 (DJN)

EXMORE POLICE DEPARTMENT, *et al.*,
    Defendants.

## MEMORANDUM OPINION

To state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

By Memorandum Order entered on May 22, 2024, the Court directed Plaintiff to file a Particularized Complaint. The Court explained as follows:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Plaintiff's complaint is twenty-one pages and appears to name as a defendant anyone involved in securing his arrest or detention or his medical care. There are many problems with Plaintiff's current Complaint.

First, a police department is not a person amenable to suit under § 1983. *Muniz v. Fairfax County Police Dept.*, No. 1:05CV466 (JCC), 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005). Moreover, "the Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Plaintiff as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Moreover, Plaintiff is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff also does not clearly identify a *constitutional* or other *federal right* that was violated by each defendant's conduct. Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his Complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV142."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).
>
> Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:
>
>> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
>> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 9, at 1–4.) After receiving four lengthy extensions, Custis filed a Particularized Complaint. (ECF No. 19.) Plaintiff completely ignored the directions provided by the Court on how to file a particularized complaint and also ignored the Court's warning about the requirement that he must comply with Rules 18 and 20. Instead, Custis's Particularized Complaint appeared to be a general airing of grievances against twenty-five Defendants involved in his arrest, detention, criminal proceedings, and interactions with probation stemming from 2020 to 2023. His claims were far ranging and were not properly joined.

By Memorandum Order entered on February 20, 2025, the Court explained as follows:

> First, Custis lists amendments, then has a section entitled "FACTS," which is partially numbered but then has pages of unnumbered narrative and lists with law mixed in. (ECF No. 19, at 13–19.) Custis then has another narrative section with "GROUNDS FOR RELIEF" that identifies Defendants and then provides lengthy lists, without any adequate explanation, of his theory of why those Defendants are liable to him. (*Id.* at 32–39.) For example, in his second Ground for Relief he lists

3

freedom of speech, retaliation, denial of petition for redress of grievances, denial of right to be free from unreasonable searches and seizures, lists nine Defendants, and then provides a list of forty additional causes of action for which they are purportedly liable. (ECF No. 19, at 33.)[2] This is a non-starter. The Court will not parse through a Particularized Complaint pled in this manner. The Court provided Plaintiff with specific instructions on how to file a particularized complaint and Plaintiff chose not to follow them. The Court will provide Plaintiff a final opportunity to file a Second Particularized Complaint. If Plaintiff fails to comply with the Court's directions, the Court will dismiss the case outright. Accordingly, it is ORDERED that:

Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

    a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV142."

    b. The first paragraph of the particularized pleading must contain a list of defendants.

    c. In the second paragraph, Plaintiff must set forth legibly, a short narrative statement of the facts that he believes gives rise to his claims for relief. This means he must provide a description or recount the story of the event or actions that led to him bringing this lawsuit. Plaintiff must state how each Defendant was personally involved in the events he describes.

    d. In the third paragraph, Plaintiff must identify each federal or civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. This means Plaintiff must clearly state why he believes that each Defendant violated his constitutional rights based on the facts he has provided. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion.

    e. Finally, Plaintiff must include a prayer for relief.

    f. The particularized pleading will supplant the prior complaints and may be no longer than TWENTY (20) pages in length. This means this Second Particularized Complaint will REPLACE any earlier complaint so Plaintiff must include any claim or allegation that he wants the Court to consider. The particularized

---

[2] Some of these forty include, impairment of reputation, invasion of privacy, parental alienation, denial of right to intimate association, inadmissible evidence, failure of prosecution to seek the ends of justice, and medical condition that prevents formation of criminal intent amongst many others. (ECF No. 19, at 33.)

pleading must stand or fall of its own accord. This means Plaintiff may not reference statements in the prior complaints.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b). Plaintiff's Second Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 20, at 1–5.)

On March 27, 2025, the Court received Custis's Second Particularized Complaint. (ECF No. 22.) Much like with the First Particularized Complaint, Custis made no effort to comply with the directives of the Court in the January 20, 2025 Memorandum Order. While Custis listed twenty-four Defendants first, that is where his compliance ends. Rather than set forth a short narrative paragraph of the facts that gives rise to his claims in his second paragraph, followed by a third paragraph setting forth the federal or civil right violated, Custis instead made a list of twenty-five items. While some items in the list identify a legal theory with a vague description of what happened, others identify nothing more specific than "the variety of civil rights violations," or a string of theories, such as "denial of right to freedom of speech, retaliation for exercising that right, denial of right to petition the government for redress of grievances, unreasonable search and seizure, denial of right to due process, cruel and unusual punishment - the variety of civil rights violations." (*Id.* ¶¶ 9–11 (capitalization corrected).) As the Court explained to Custis in the January 20, 2025 Memorandum Order, the Court will not parse through a complaint pled in this manner. Moreover, the Court specifically warned Custis that, "[i]f Plaintiff fails to comply with the Court's directions, the Court will dismiss the case outright." (ECF No. 20, at 4.)

In addition, although the Court warned Custis twice that his claims must comply with joinder rules, Custis completely ignored that instruction. Custis's allegations and claims stem from different arrests and name Defendants in different counties on dates between May of 2022 and October of 2024. Custis apparently names anyone involved in his arrests, detention, or criminal prosecutions. These widely ranging claims clearly do not comply with joinder requirements.[3]

Although Custis's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). In sum, the action will be DISMISSED

---

[3] Even if the Court were not to dismiss the action for failure to comply with the Court's orders, based on joinder rules, only the one claim against the Exmore Police Department would remain. "The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

In the May 22, 2024 Memorandum Order, amongst other things, the Court warned Custis that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (ECF No. 9, at 4.) The Exmore Police Department is the first defendant named in the body of the Second Particularized Complaint. The Exmore Police Department is only named in claim #1, in which Custis alleges that the Exmore Police Department "enables a policy of unlawful seizures." (ECF No. 22 ¶ 1.) No other Defendant is named in that claim. Thus, the Court could dismiss without prejudice all of the remaining Defendants and claims as improperly joined. With respect to the claim against the Exmore Police Department, as already explained to Custis in the May 20, 2024 Memorandum Order, "a police department is not a person amenable to suit under § 1983. *Muniz v. Fairfax County Police Dept.*, No. 1:05CV466 (JCC), 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005)." (*Id.* at 2.) Alternatively, the remaining claim against the Exmore Police Department and the action could be dismissed.

WITHOUT PREJUDICE, because Custis failed to comply with the terms of the January 20, 2025 Memorandum Order.[4]

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: April 16, 2025

---

[4] If Custis wishes to pursue his complaint, or aspects of his complaint, he must follow the rules of the Court for any future filing. However, this case will be closed due to his continued refusal to comply with the Court's orders.