IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM PARKE CUSTIS,
    Plaintiff,

v.                                                                Civil No. 3:24cv142 (DJN)

EXMORE POLICE DEPARTMENT, *et al.*,
    Defendants.

**MEMORANDUM ORDER**

William Parke Custis ("Plaintiff"), a Virginia prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on April 16, 2025, the Court dismissed the action without prejudice because Plaintiff continuously refused to follow the Court's directions about how to file an appropriate particularized complaint. (ECF Nos. 34, 24.) Plaintiff appealed. (ECF No. 26.) However, after noting an appeal, Plaintiff filed a "MOTION TO RECONSIDER JUDGE DAVID J. NOVAK'S APRIL 16, 2025, DATED FINAL ORDER AND ALLOW THE PLAINTIFF LEAVE OF COURT TO FILE PLAINTIFF'S FINAL '3RD PARTICULARIZED COMPLAINT'" which seeks relief under Federal Rule of Civil Procedure 60(b)(6). ("Rule 60(b)(6) Motion," ECF No. 28.) For the reasons that follow, the Rule 60(b)(6) Motion will be DENIED.[1]

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a

---

[1] Although an appeal from the Court's April 16, 2025 Memorandum Opinion, Order, and Judgment is pending, this Court may consider Plaintiff's Rule 60(b)(6) Motion at this time because it is meritless. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) (explaining that the district court should entertain a Rule 60(b) motion promptly while appeal is pending and if meritless, "should deny the motion forthwith").

showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Plaintiff relies on Rule 60(b)(6) to bring this motion. Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v. Seals*, No. 3:07cv319, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Plaintiff contends that he should be entitled to relief under Rule 60(b)(6) solely because he may be facing statute of limitations issues for unidentified claims. (ECF No. 28 at 1.) Plaintiff asks the Court to reopen the case and to allow him yet another sixty days in which to file this third particularized complaint. (ECF No. 28-3 at 4.) The Court declines to do so.

First, Plaintiff has yet to make the threshold showing for Rule 60(b) that he has a meritorious claim or defense. Moreover, contrary to Plaintiff's suggestion, a speculative statute of limitations concern is not an exceptional circumstance. *Aikens v. Ingram*, 652 F.3d 496, 503 (4th Cir. 2011) (affirming that "'extraordinary circumstances' do not arise due to time limitations

that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations"). The majority of Plaintiff's claims arose in May of 2022; however, he waited until February of 2024 to file his action. (*See, e.g.*, ECF No. 1 at 11.) Additionally, Plaintiff has wasted nearly a year since the Court first directed him to file a particularized complaint by seeking lengthy extensions and filing particularized complaints that wholly ignored the Court's specific directions. As explained previously, Plaintiff remains free to file a new complaint that complies with the Court's directions. Should such a filing occur, the Court will open it as a new civil action. However, Plaintiff has demonstrated no exceptional circumstances that would warrant relief under Rule 60(b)(6).

Accordingly, the Rule 60(b)(6) Motion (ECF No. 28) will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff and the United States Court of Appeals for the Fourth Circuit.

                                                                                          /s/
                                                                            David J. Novak
Richmond, Virginia                                           United States District Judge
Date: June 3, 2025